ment, of defendant. Defendant Gardner and the Alton Railroad Company were distinct legal entities.

Service of the notice of attorney's lien in the present case is not, as plaintiffs contend, a technical error or misnomer, but a case of mistaken identify of the party liable. Manifestly the defendant was not the party intended to be served by the notice of attorney's lien. Moreover, so far as the record shows the notice of attorney's lien never came into the hands of the defendant Gardner, nor did he have any knowledge of it prior to the settlement of Tropiano's claim for injuries.

Inasmuch as the Attorney's Lien Act is in derogation of the common law and strict compliance is necessary we are impelled to hold that service of the notice of lien upon the Alton Railroad Company did not meet the requirements of the statute and was, therefore, ineffective.

We have not discussed the other issues presented or suggested in the briefs or arguments, since a discussion of these issues has not been necessary to the disposition of this cause.

For the reasons given, the judgment is reversed.

*Reversed.*

BURKE, P. J., and KILEY, J., concur.

National Industries, Inc., formerly National Mineral Company, Appellee, v. Abraham Block, Trading as Western Hair Goods, Inc. et al., Defendants. Appeal of Western Hair Goods, Inc., Appellant.

Gen. No. 44,279.

opinion filed November 3, 1948; rehearing denied January 4, 1949; released for publication January 5, 1949. Morris A. Haft, for appellant; Adolph Allen Rubinson, for appellee. Opinion by JUSTICE KILEY. Not to be published in full.

William C. Irwin and Anne I. Irwin, Appellees, v. Jacob A. Kreutzer and 1800 North Francisco Corporation, Appellants.

Gen. No. 44,477.

opinion filed December 13, 1948; released for publication December 27, 1948. Hubbard, Baker & Rice, for appellants; Alvin G. Hubbard and Reese Hubbard, of counsel; McCarthy, Witry, Lyon & McCarthy, for appellees; George R. Lyon and Daniel J. McCarthy, of counsel. Opinion by PRESIDING JUSTICE FEINBERG. Not to be published in full.